

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 11, 1960

Honorable Bill Allcorn
Commissioner
General Land Office
Austin 14, Texas

Opinion No. WW-878

Re: Authority under
Article 6008b, V.C.S.,
for the extension of
term leases by enter-
ing into a secondary
recovery program.

Dear Mr. Allcorn:

You have requested the opinion of this office with respect to the authority of the Commissioner of the General Land Office and the School Land Board to extend a State mineral lease beyond its principal term of 25 years by the execution and approval of a unitization agreement under the provisions of Article 6008b, V.C.S.

The lease in question was executed in 1940, pursuant to the Sales Act then in force, for "a period of five years and as long thereafter as any minerals . . . are produced therefrom . . ., not to exceed 25 years . . .". The primary and principal terms legally were suspended from 1941 to 1947 and its expiration date is December 8, 1971. The lessee asserts the advisability of the institution of a water flood operation in the field as a means of conservation and increasing the ultimate recovery and proposes unitization under Article 6008b with other tracts composing the field. Apparently, the expenditure of substantial sums will be necessary to carry out the proposed secondary recovery program and it is estimated that field depletion will not occur until 1981, or some ten years after the expiration of the principal term of the lease in question.

Supposedly, the program will not be instituted unless the proposed unitization agreement legally can extend the principal term of the lease to the duration of production. It is contended that the Act wherein it states that unitization agreements for secondary recovery programs may provide "for the extension of leases covering any part of lands committed to the unit . . . so long as production of oil or gas in paying quantities is had from any part of the lands or leases committed thereto . . .", supplies the requisite authority. Art. 6008b, Sec. 1, V.C.S.

This Department in WW-185 rendered the opinion that a lease could not be extended beyond its principal term by the execution and approval of a unitization agreement pursuant to the provisions of Art. 5382c, despite the fact that this statute authorized such an agreement to contain a provision that the lease "with respect to the interest of the State, shall remain in force as long as oil or gas . . . is produced from the unit in paying quantities and royalties paid to the State thereon." (Article 5382c, Sec. 2(3).)

Without deciding, because unnecessary, whether this statute, passed in 1951, supersedes the pertinent provisions of Article 6008b, it is to be noted that the portion of the latter statute, quoted above, is not substantially different from its counterpart in Article 5382c. The statutory provision for "extension" of a lease for so long as production obtains is, in our opinion, simply another way of saying that the lease shall "remain in force" for such productive period. Neither is it of particular import, as we view the matter, that Article 6008b relates to secondary recovery operations, while Article 5382c presumably pertains to primary or initial mineral development. The fact remains that in both instances, if the statutes are given the effect contended for, and assuming that production will continue beyond the principal term of the lease, the State, without having received a bonus or other _direct_ consideration therefor, will have disposed of at least a substantial portion of its reversionary interest rather than committing to the unit merely its _royalty_ interest as authorized by the unitization statutes.

We therefore believe, and you are so advised, that for the reasons therein set forth, the answer to the present question is controlled by our former Opinion No. WW-185. Although the Commissioner and the School Land Board are authorized to enter into and approve a unitization agreement for secondary recovery operations, they cannot thereby legally extend the lease beyond its principal term of 25 years.

## SUMMARY

Under present law the State cannot, by entering into a unitization agreement under Article 6008b, V.C.S., extend a term mineral lease beyond its principal term of 25 years.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _James H. Rogers_

James H. Rogers
Assistant

JHR:bh

Honorable Bill Allcorn, page 3 (WW-878)

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Leon F. Pesek
Virgil R. Pulliam
John C. Steinberger

REVIEWED FOR THE ATTORNEY GENERAL
BY:
        Leonard Passmore